**FILLEY ENTERPRISES, INC., Appellant,**

v.

**YOUNGSTOWN SHEET & TUBE COMPANY, Appellee.**

**No. 7907.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 19, 1968.

Rehearing Denied Dec. 17, 1968.

F. H. Pannill, Stubbeman, McRae, Sealy & Laughlin, Midland, for appellant.

John L. Roach, J. Glen Adams, Roach & Robertson, Dallas, for appellee.

DAVIS, Justice.

A garnishment case. Youngstown Sheet & Tube Co., hereinafter referred to as Youngstown, sued George B. Burris, d/b/a Burris Drilling Co., hereinafter referred to as Burris, for $12,607.11, plus interest, attorneys fees and costs. Youngstown also sued out a Writ of Garnishment against Vaughn Petroleum Co., hereinafter referred to as Vaughn. Vaughn filed its answer, setting up the fact that it had in its possession $15,310.46. Vaughn also filed a Bill of Interpleader, alleging that it had been presented with numerous conflicting claims to the funds in its possession that were due to Burris, and tendered the money into the registry of the court. All the claimants listed in the interpleader appeared and agreed that the proceedings against Vaughn could be dismissed, and allow it an attorneys fee.

Filley Enterprises, Inc., hereinafter referred to as Filley, filed an answer in which it set up an agreement and assignment of accounts receivable, hereinafter called assignment, to which was attached "Annex I". The assignment and Annex I were dated March 31, 1965. The assignment was acknowledged on March 30, 1965. Notice of the assignment and Annex I was filed for record in Midland County on April 30, 1965, where Burris resided. There were attached to the assignment and Annex I when they were offered into evidence, "Schedule 12" and "Schedule 14", which listed the accounts receivable.

Schedule 12 was executed by Burris on June 25, 1965, which showed three different accounts, F. W. Estill, Properties, Vaughn Petroleum Company and Wilbanks & Rasmussen with the "Date of Invoice" on each account being "6–25–65". Neither of the accounts were described with any particularity. On the second page of "Schedule 12", below the signature of Burris, there is a paragraph that reads as follows:

"FOR USE OF ASSIGNEE ONLY

| | |
|---|---|
| Total of Net Amount of Accounts Receivable assigned by ASSIGNOR | $22,432.00 |
| LESS: Discount for Service Charge (2%) $ | |
| Reserve Fund (13%) $ | 3,364.80 |
| Net Amount Payable to ASSIGNOR | $19,067.20 |

Paid to ASSIGNOR (Burris) on the 25th day of June, 1965".

Schedule 14 was executed by Burris on July 9, 1965. It showed only one account receivable from "Vaughn Petroleum, Inc. (Terry #1 Crane County, Texas)" showing the "Date of Invoice" "7–9–65". After the signature of Burris, on the second page, there is a paragraph which reads as follows:

"FOR USE OF ASSIGNEE ONLY

| | |
|---|---|
| Total of Net Amount of Accounts Receivable assigned by ASSIGNOR | $6985.46 |
| LESS: Discount for Service Charge (2%) $ | |
| Reserve Fund (13%) $ | 1047.82 |
| Net Amount Payable to ASSIGNOR | $5937.64 |

Paid to ASSIGNOR (Burris) on the 9th day of July, 1965"

The writ of garnishment was issued and served on July 7, 1965. The Assignment and Annex I were executed, and the notice filed for record, in compliance with Art. 260–1, Vernon's Ann.Tex.Civ.St. Filley was the only contestant to the money that had been paid into the registry of the court by Garnishee, Vaughn, claiming a superior right to the money because of the Assignment and Annex I, Schedule 12 and Schedule 14, and the notice. Youngstown was claiming a superior right because of the writ of garnishment.

Trial was to the Court, without a jury. Judgment was in favor of Youngstown. Filley has perfected its appeal and brings forward one point of error.

There were no findings of fact and conclusions of law filed by the trial court, and none were requested.

By the point, Filley says the trial court erred in awarding the money to Youngstown, and in failing and refusing to award and adjudicate it to Filley.

No specific accounts or contracts were designated by the Assignment and Annex I. Schedule 12 set out a certain amount due by Vaughn. Schedule 14 set out a certain amount due by Vaughn to which was added "(Terry #1 Crane County, Texas)." The date of schedule 14 is July 9, 1965, two days after the writ of garnishment was served.

The filing of the notice of the assignment on April 30, 1965, did not give Filley a superior right to the funds impounded by the Writ of Garnishment, nor does the two schedules that were later presented, one dated June 25, 1965, and one dated July 9, 1965, for the reason that the statute, Art. 260–1, relating to assignments of accounts, defines the word "account" or "accounts receivable" as meaning "an existing, or future right to the payment of money *presently* due, or to become due under an

existing contract * * *". The contract, or schedule, or schedules, here involved were obviously not in contemplation when the Assignment and Annex I were executed. Keeran v. Salley, Tex.Civ.App., 1951, 244 S.W.2d 663, writ refused.

The Assignment sets out that all the accounts receivable "are currently due and payable." The only reference to future accounts in the Assignment and Annex I are as follows:

"2.1 Said accounts receivable are and will be 'accounts receivable' within the meaning of *that term* as set forth in Article 260–1 of the Revised Civil Statutes of Texas, as amended". Emp. added.

Article 260–1, as amended, provides for accounts to become due, after the assignment is executed, reads as follows:

"(1) 'Account' or 'account receivable' means an *existing* or *future right* to the payment of money *presently due,* or to *become due* (a) under an *existing contract* or under a *future contract entered into* during the effective period of the notice of assignment hereinafter provided for; * * *". Emphasis added.

The assignment was entered into for three years. There were no contracts offered into evidence between Burris and Vaughn that where executed after the date of the assignment. Therefore, the accounts due by Vaughn to Burris were not covered by the assignment and notice under Art. 260–1. 6 Tex.Jur.2d, 441, § 50, and authorities cited therein. Youngstown acquired a greater right to the money by way of garnishment than Filley by the assignment. Art. 260–1, 26 Tex.Jur.2d 715, § 42, and authorities cited, and 26 Tex.Jur.2d 732, § 55 and authorities cited. The point is overruled.

The judgment of the trial court is affirmed.